```
 1  Bruce E. Disenhouse (SBN 78760)
    bdisenhouse@krsattys-riv.com
 2  KINKLE, RODIGER AND SPRIGGS
    Professional Corporation
 3  3333 Fourteenth Street
    Riverside, California 92501
 4  (951) 683-2410
    FAX (951) 683-7759
 5
 6  Attorneys for Defendants, COUNTY OF RIVERSIDE, on behalf of itself and
    erroneously sued as COUNTY OF RIVERSIDE SHERIFF DEPARTMENT; BOB
 7  DOYLE; TOM FREEMAN; BRANDON FORD; DAVID WALTON; JOSE A.
    MUNOZ; WALTER MEYER; CARL CARTER; JEFFREY COVINGTON;
 8  ROBERT WIGGS; MELISSA NIEBERGER, erroneously sued as DEPUTY
    NYBERGER; CRAIG RAMSEY AND JEFF BUOMPENSIERO, erroneously sued
 9  as HOMICIDE INVESTIGATOR BOUMPENSIERRO
```

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR PINA; ELIA PINA; EDIBERTO PINA; ADRIANA PINA, and ALEJANDRO PINA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; County of Riverside SHERIFF DEPARTMENT; Riverside County Sheriff BOB DOYLE; Riverside County Sheriff Executive Officer TOM FREEMAN; Riverside County Sheriff's Sergeant BRANDON FORD; Riverside County Sheriff's Sergeant WALTON; Riverside County Sheriff's Sergeant ARMANDO MUNOZ; Riverside County Sheriff's Captain WALTER MEYER; Riverside County Sheriff's Deputy COVINGTON; Riverside County Sheriff's Deputy WIGGS; Riverside County Sheriff's Deputy NYBERGER; Riverside County Sheriff's Deputy CARL CARTER; Riverside County Sheriff's Deputy CRAIG RAMSEY; Homicide Investigator BOUMPENSIERRO; and Riverside County Sheriff's DOE OFFICERS 1 through 200, inclusive,<br><br>Defendants. | CASE NO.: EDCV 08-00046 VAP (OPx)<br><br>STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; [~~PROPOSED~~] ORDER THEREON<br><br><br><br>NOTE CHANGES MADE BY THE COURT |

KINKLE, RODIGER
AND SPRIGGS
Professional Corporation

1

STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; [PROPOSED] ORDER THEREON

IT IS HEREBY STIPULATED by and through undersigned counsel that:

1. All documents identified in Paragraph 2 below are to be designated as "confidential material" which shall be used solely in connection with the preparation and trial of the within case, Case No. EDCV 08-00046 VAP (OPx) or any related appellate proceeding, and not for any other purpose, including any other litigation, except as otherwise permitted by written agreement of counsel for the parties or by order of a Court of competent jurisdiction. Any "confidential material" produced by Defendants or used in this litigation will be stamped or otherwise marked in a conspicuous location prior to the production or use of the document in this litigation as follows:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, Case No. EDCV 08-00046 VAP (OPx)

2. The following documents produced by Defendant COUNTY are to be designated as "confidential material":

(a) Any internal investigation of the matter that is the subject of this lawsuit, including any taped interviews or photograph (this clause covers internal investigation materials only; it does not cover incident reports prepared by law enforcement officers);

(b) Any and all personnel records of any peace officer party or witness.

3. Confidential material may not be disclosed except as provided in paragraph 4 herein.

4. Confidential material may be disclosed only to the following persons:

(a) Counsel for any party and any party to this litigation;

(b) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in Section 4(a);

(c) Court personnel and stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for and trial of this action, or otherwise at the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise regularly employed by the parties or their counsel;

(e) Any "in-house" expert designated by the parties to testify at trial in this matter; and

(f) Any investigators employed by the parties in connection with this action.

Nothing in paragraph 4 is intended to prevent officials or employees of the County of Riverside or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personally known to him or her, that is, a witness can disclose to others

information previously given to the Riverside County Sheriff's Department with respect to what he or she saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of those identified in paragraph 4 who are presumed to know the contents of this protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent in writing to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including after the termination of this action for purposes of enforcing the Protective Order. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

6. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be submitted in compliance with Local Rule 79-5 in an envelope clearly marked as follows: "**CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO.: EDCV 08-00046 VAP (OPx)**

7. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be

tendered back to the attorneys of record for the County of Riverside. Provisions of this order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this Court.

8. By signing and agreeing to this stipulation, Plaintiff is neither stipulating nor agreeing that any of the items shown in paragraph two, above, are in any way privileged or confidential under either California law or under Federal law.

9. The foregoing is without prejudice to the right of any party:

(a) To apply to the Court or to some court of competent jurisdiction, for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court or to some court of competent jurisdiction, for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order modifying this order or for any order permitting disclosure of confidential material beyond the terms of this order.

10. In addition to the above and foregoing, nothing in this order prevents any of the parties to this action referencing any materials deemed confidential under

//

//

//

//

1 this order in any motion papers filed with the Court in this action, at the hearing of
2 any motion, or at trial.

**IT IS SO STIPULATED.**

DATED: 7/30/08                    KINKLE, RODIGER AND SPRIGGS
                                  Professional Corporation

                                  _____
                                  BRUCE E. DISENHOUSE

DATED: 7-30-08                    SINGLETON & ASSOCIATES

                                  _____
                                  GERALD SINGLETON

**ORDER**

**IT IS SO ORDERED.**

DATED: 8/4/08                     _____
                                  United States Magistrate Judge